1   Arthur S. Beeman (State Bar No. 237996)
    Pamela K. Fulmer (State Bar No. 154736)
2   Noel Rodriguez (State Bar No. 228784)
    JONES DAY
3   San Francisco Office
    555 California Street, 26th Floor
4   San Francisco, CA  94104
    Telephone:     (415) 626-3939
5   Facsimile:     (415) 875-5700
    asbeeman@jonesday.com
6   pkfulmer@jonesday.com
    nrodriguez@jonesday.com
7
    Attorneys for Defendant and Counterclaimant
8   PLANET 3, LLC

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12

13   Z-LINE DESIGNS, INC.,                    **Case No. CV 09-1153 JCS**

                     Plaintiff,               **DEFENDANT PLANET 3, LLC'S**
14                                            **ANSWER, AFFIRMATIVE**
             v.                               **DEFENSES AND COUNTERCLAIMS**
15
     PLANET 3, LLC,
16
                     Defendant.               **DEMAND FOR JURY TRIAL**
17

18

19   PLANET 3, LLC,

                     Counterclaimant,
20
             v.
21
     Z-LINE DESIGNS, INC.,
22
                     Counterdefendant.
23

24

25

26

27

28

## DEFENDANT AND COUNTERCLAIMANT PLANET 3, LLC'S

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Planet 3, LLC by its undersigned counsel hereby answers plaintiff Z-Line Designs, Inc.'s Complaint for patent infringement, trademark infringement and unfair competition as follows:

### PARTIES

1.      Planet 3 is without sufficient information or belief to admit or deny the allegations of paragraph 1 of the Complaint and, on that basis, denies them.

2.      Planet 3 admits that it is an Illinois limited liability company.  Except as specifically admitted, Planet 3 denies the remaining allegations of paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.      Admitted.

4.      Planet 3 denies the allegations of paragraph 4 of the Complaint.

5.      Planet 3 denies the allegations of paragraph 5 of the Complaint.

### INTRA-DISTRICT ASSIGNMENT

6.      Planet 3 admits that because this is an "Intellectual Property Action" under Local Rule 3-2(c), this case could be assigned to any division of the Northern District of California if venue were proper in the Northern District.  Except as specifically admitted, Planet 3 denies the remaining allegations of paragraph 6 of the Complaint.

7.      Planet 3 is without sufficient information or belief to admit or deny the allegations of paragraph 7 of the Complaint and, on that basis, denies them.

8.      Planet 3 admits that the cover page of United States Design Patent No. D546,095 ("the '095 Patent") is entitled "TV STAND" and is dated July 10, 2007.  Except as specifically admitted, Planet 3 is without sufficient information or belief to admit or deny the remaining allegations of paragraph 8 of the Complaint and, on that basis, denies them.

9.      Planet 3 admits that the cover page of United States Design Patent No. D491,386 ("the '386 Patent") is entitled "AUDIO-VIDEO STORAGE UNIT" and is dated June 15, 2004. Except as specifically admitted, Planet 3 is without sufficient information or belief to admit or

SFI-606975v2

1    deny the remaining allegations of paragraph 9 of the Complaint and, on that basis, denies them.

2          10.    Planet 3 admits that the cover page of United States Design Patent No. D497,741

3    ("the '741 Patent") is entitled "AUDIO-VIDEO STORAGE UNIT" and is dated November 2,

4    2004.  Except as specifically admitted, Planet 3 is without sufficient information or belief to

5    admit or deny the remaining allegations of paragraph 10 of the Complaint and, on that basis,

6    denies them.

7          11.    Planet 3 admits that plaintiff refers to the three identified patents as the "Patented

8    Designs."

9          12.    Planet 3 denies that the STEALTH trademark is inherently distinctive and denies

10   that it serves to distinguish Z-Line's goods from those of its competitors.  Planet 3 is without

11   sufficient information or belief to admit or deny the remaining allegations of paragraph 12 of the

12   Complaint and, on that basis, denies them.

13         13.    Planet 3 admits that it imports furniture into the United States and that it sells

14   furniture to national and local retailers.  Except as specifically admitted, Planet 3 denies the

15   remaining allegations of paragraph 13 of the Complaint.

16         14.    Planet 3 denies the allegations of paragraph 14 of the Complaint.

17         15.    Planet 3 is without sufficient information or belief to admit or deny the allegations

18   of paragraph 12 of the Complaint and, on that basis, denies them.

19         16.    Planet 3 denies the allegations of paragraph 16 of the Complaint.

20         17.    Planet 3 denies the allegations of paragraph 17 of the Complaint.

21                            **FIRST CLAIM FOR RELIEF**

22                      (Infringement of U.S. Patent No. D546,095)

23         18.     Planet 3 realleges and incorporates herein by reference its responses to paragraphs

24   1 through 17, inclusive, as though fully set forth herein.

25         19.    Planet 3 denies the allegations of paragraph 19 of the Complaint.

26         20.    Planet 3 denies the allegations of paragraph 20 of the Complaint.

27         21.    Planet 3 denies the allegations of paragraph 21 of the Complaint.

28         22.    Planet 3 denies the allegations of paragraph 22 of the Complaint.

1

**SECOND CLAIM FOR RELIEF**

2

(Infringement of U.S. Patent No. D491,386)

3

       23.    Planet 3 realleges and incorporates herein by reference its responses to paragraphs

4

1 through 22, inclusive, as though fully set forth herein.

5

       24.    Planet 3 denies the allegations of paragraph 24 of the Complaint.

6

       25.    Planet 3 denies the allegations of paragraph 25 of the Complaint.

7

       26.    Planet 3 denies the allegations of paragraph 26 of the Complaint.

8

       27.    Planet 3 denies the allegations of paragraph 27 of the Complaint.

9

**THIRD CLAIM FOR RELIEF**

10

(Infringement of U.S. Patent No. D497,741)

11

       28.    Planet 3 realleges and incorporates herein by reference its responses to paragraphs

12

1 through 27, inclusive, as though fully set forth herein.

13

       29.    Planet 3 denies the allegations of paragraph 29 of the Complaint.

14

       30.    Planet 3 denies the allegations of paragraph 30 of the Complaint.

15

       31.    Planet 3 denies the allegations of paragraph 31 of the Complaint.

16

       32.    Planet 3 denies the allegations of paragraph 32 of the Complaint.

17

**FOURTH CLAIM FOR RELIEF**

18

(Infringement of STEALTH Trademark Under 15 U.S.C. § 1125(a))

19

       33.    Planet 3 realleges and incorporates herein by reference its responses to paragraphs

20

1 through 32, inclusive, as though fully set forth herein.

21

       34.    Planet 3 denies the allegations of paragraph 34 of the Complaint.

22

       35.    Planet 3 denies the allegations of paragraph 35 of the Complaint.

23

       36.    Planet 3 denies the allegations of paragraph 36 of the Complaint.

24

       37.    Planet 3 denies the allegations of paragraph 37 of the Complaint.

25

**SIXTH CLAIM FOR RELIEF**[1]

26

(Unfair Competition Under 15 U.S.C. § 1125(a))

27

_____

28

   [1] This claim for relief was misnumbered by plaintiff as no "Fifth Claim for Relief" appears in the Complaint.

SFI-606975v2

ANSWER, AFFIRMATIVE DEFENSES &
COUNTERCLAIMS CV 09-1153 JCS

1    38.    Planet 3 realleges and incorporates herein by reference its responses to paragraphs

2  1 through 37, inclusive, as though fully set forth herein.

3    39.    Planet 3 denies the allegations of paragraph 39 of the Complaint.

4    40.    Planet 3 denies the allegations of paragraph 40 of the Complaint.

5    41.    Planet 3 denies the allegations of paragraph 41 of the Complaint.

6                    **SEVENTH CLAIM FOR RELIEF**

7  (Unfair Competition and Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200 et seq.)

8    42.    Planet 3 realleges and incorporates herein by reference its responses to paragraphs

9  1 through 41, inclusive, as though fully set forth herein.

10    43.    Planet 3 denies the allegations of paragraph 43 of the Complaint.

11    44.    Planet 3 denies the allegations of paragraph 44 of the Complaint.

12    45.    Planet 3 denies the allegations of paragraph 45 of the Complaint.

13    46.    Planet 3 denies the allegations of paragraph 46 of the Complaint.

14                    **EIGHTH CLAIM FOR RELIEF**

15                    (Common Law Unfair Competition)

16    47.    Planet 3 realleges and incorporates herein by reference its responses to paragraphs

17  1 through 46, inclusive, as though fully set forth herein.

18    48.    Planet 3 denies the allegations of paragraph 48 of the Complaint.

19    49.    Planet 3 denies the allegations of paragraph 49 of the Complaint.

20    50.    Planet 3 denies the allegations of paragraph 50 of the Complaint.

21                    **PRAYER FOR RELIEF**

22    51.    Planet 3 denies that plaintiff is entitled to any relief, and specifically denies each

23  allegation and prayer for relief alleged in paragraphs 'a' through 'h' of plaintiff's Prayer for

24  Relief.

25                    **PLANET 3'S AFFIRMATIVE DEFENSES**

26    52.    Planet 3, without waiver, limitation, or prejudice, hereby asserts the following

27  affirmative defenses:

28

1

## FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Claim)

3       53.     The Complaint fails to state a claim against Planet 3 on which relief may be

4   granted.

5

## SECOND AFFIRMATIVE DEFENSE

6

### (Lack of Personal Jurisdiction)

7       54.     The Court lacks personal jurisdiction over Planet 3, LLC.

8

## THIRD AFFIRMATIVE DEFENSE

9

### (Improper Venue)

10      55.     Venue in the Northern District of California is improper.

11

## FOURTH AFFIRMATIVE DEFENSE

12

### (Waiver and Estoppel)

13      56.     Planet 3 alleges on information and belief that plaintiff waived and is estopped

14  from asserting any claim of patent or trademark infringement or unfair competition against Planet

15  3 concerning the '095, '386 and '741 patents or STEALTH trademark through plaintiff's actions

16  and inaction.

17

## FIFTH AFFIRMATIVE DEFENSE

18

### (Laches)

19      57.     Plaintiff's delay in asserting its purported rights is unreasonable, and Planet 3 has

20  been materially prejudiced by such unreasonable delay.  Plaintiff is barred by the doctrine of

21  laches from asserting any claim of patent or trademark infringement or unfair competition against

22  Planet 3 concerning the '095, '386 and '741 patents or STEALTH trademark.

23

## SIXTH AFFIRMATIVE DEFENSE

24

### (Noninfringement)

25      58.     Planet 3 does not and has not infringed any valid claim of the '095, '386 or '741

26  patents literally, directly, contributorily, by way of inducement, and/or under the doctrine of

27  equivalents.

28

## SEVENTH AFFIRMATIVE DEFENSE

**(Invalidity)**

59.     Planet 3 alleges on information and belief that one or more claims of the '095, '386 or '741 patents that allegedly are infringed by Planet 3 are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 101, 102 and/or 103.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

60.     Planet 3 alleges on information and belief that the claims of the '095, '386 or '741 patents are and were limited by amendment, by the prior art and or by the statements made during their prosecution before the USPTO, such that plaintiff is now estopped and otherwise precluded from maintaining that such claims of the '095, '386 or '741 patents are of sufficient scope to cover the accused products, either literally or under the application of the doctrine of equivalents.

**NINTH AFFIRMATIVE DEFENSE**

**(35 U.S.C. § 287)**

61.     Planet 3 alleges that any claim for damages for patent infringement by plaintiff is limited by 35 U.S.C. § 287 to only those damages occurring after proper notice of infringement to Planet 3.

**TENTH AFFIRMATIVE DEFENSE**

**(Patent Misuse)**

62.     Plaintiff is barred from asserting patent infringement based on patent misuse.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

63.     Plaintiff is precluded, in whole or in part, from recovering any alleged damages from Planet 3 on its unfair competition claims due to plaintiff's failure to mitigate its alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

64.     Planet 3 has not infringed the STEALTH trademark because any use of the term

1    stealth was a fair use done in good faith for its primary meaning.

2                    **THIRTEENTH AFFIRMATIVE DEFENSE**

3                           **(Trademark Invalidity)**

4        65.    Planet 3 alleges on information and belief that the STEALTH trademark is invalid

5    because it is a generic word and/or is merely a descriptive word that has acquired no secondary

6    meaning.

7                        **RESERVATION OF DEFENSES**

8        66.    To the extent not already pled, Planet 3 reserves its right to add additional defenses

9    pending further investigation and discovery.

10                   **PLANET 3, LLC'S COUNTERCLAIMS**

11       Counterclaimant Planet 3, LLC alleges its Counterclaims for Declaratory Relief against Z-

12   Line Designs, Inc.:

13                               **PARTIES**

14       1.    Counterclaimant Planet 3 is an Illinois limited liability company having its

15   principal office located at 305 Era Dr., Northbrook, Illinois 60062.

16       2.    On information and belief, Counterdefendant Z-Line Designs, Inc. is a Nevada

17   corporation having its principal place of business at 2410 San Ramon Valley Boulevard, San

18   Ramon, California 94583.

19                        **JURISDICTION AND VENUE**

20       3.    On March 16, 2009, Z-Line filed a Complaint alleging that Planet 3 infringes

21   United States Patent Nos. D546,095, D491,386 and D497,741 (the "Patents-in-Suit") and the

22   STEALTH trademark and violates various unfair competition laws.

23       4.    This Court has subject matter jurisdiction over Planet 3's counterclaims under the

24   Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent and trademark laws of the

25   United States, Titles 15 and 35, United States Code, for which jurisdiction is based on 28 U.S.C.

26   §§ 1331 and 1338(a).

27       5.    By filing its Complaint, Z-Line has consented to the personal jurisdiction of this

28   Court.

SFI-606975v2

ANSWER, AFFIRMATIVE DEFENSES &
COUNTERCLAIMS CV 09-1153 JCS

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).

7.      Z-Line, by its Complaint, has asserted and continues to assert that Planet 3 is infringing the Patents-in-Suit and the STEALTH trademark.  Planet 3, by its Answer, has asserted and continues to assert that it does not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid, and that it does not infringe the trademark and that the trademark is invalid.

## COUNTERCLAIM I

### (Declaration of Noninfringement of Patents-in-Suit)

8.      Planet 3 realleges and incorporates by reference each and every allegation contained in paragraphs 1-7 of its Counterclaims as though fully set forth herein.

9.      Planet 3 does not and has not infringed any valid claim of the Patents-in-Suit literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

10.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2001 *et seq.*, Planet 3 is entitled to a declaratory judgment that it does not and has not infringed the Patents-in-Suit.

## COUNTERCLAIM II

### (Declaration of Invalidity of Patents-in-Suit)

11.     Planet 3 realleges and incorporates by reference each and every allegation contained in paragraphs 1-10 of its Counterclaims as though fully set forth herein.

12.     On information and belief, one or more claims of the Patents-in-Suit that are allegedly infringed by Planet 3 are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 101, 102 and/or 103.

13.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2210 *et seq.*, Planet 3 is entitled to a declaratory judgment that one or more claims of the Patents-in-Suit are invalid.

## COUNTERCLAIM III

### (Declaration of Noninfringement of STEALTH Trademark)

14.     Planet 3 realleges and incorporates by reference each and every allegation

SFI-606975v2

ANSWER, AFFIRMATIVE DEFENSES &
COUNTERCLAIMS CV 09-1153 JCS

1    contained in paragraphs 1-13 of its Counterclaims as though fully set forth herein.

2         15.    Planet 3 does not and has not infringed the STEALTH trademark.

3         16.    Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2001 *et seq.*,

4    Planet 3 is entitled to a declaratory judgment that it does not and has not infringed the STEALTH

5    trademark.

6                            **COUNTERCLAIM IV**

7                    **(Declaration of Invalidity of Trademark)**

8         17.    Planet 3 realleges and incorporates by reference each and every allegation

9    contained in paragraphs 1-16 of its Counterclaims as though fully set forth herein.

10        18.    On information and belief, the STEALTH trademark that is allegedly infringed by

11   Planet 3 is invalid because it is a generic word and/or is merely a descriptive word that has

12   acquired no secondary meaning.

13        19.    Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2210 *et seq.*,

14   Planet 3 is entitled to a declaratory judgment that the STEALTH trademark is invalid.

15                            **PRAYER FOR RELIEF**

16        WHEREFORE, Planet 3 prays for relief as follows:

17        a)    That the Court enter Judgment in favor of Planet 3 and against Z-Line on Planet

18   3's Counterclaims I-IV;

19        b)    That the Court enter judgment in favor of Planet 3 and against Z-Line on Z-Line's

20   claims against Planet 3 for patent infringement of the '095 patent;

21        c)    That Planet 3 be found not to infringe the '095 patent;

22        d)    That the '095 patent be found invalid;

23        e)    That the Court enter judgment in favor of Planet 3 and against Z-Line on Z-Line's

24   claims against Planet 3 for patent infringement of the '386 patent;

25        f)     That Planet 3 be found not to infringe the '386 patent;

26        g)    That the '386 patent be found invalid;

27        h)    That the Court enter judgment in favor of Planet 3 and against Z-Line on Z-Line's

28   claims against Planet 3 for patent infringement of the '741 patent;

- 9 -

i)      That Planet 3 be found not to infringe the '741 patent;

j)      That the '741 patent be found invalid;

k)      That the Court enter judgment in favor of Planet 3 and against Z-Line on Z-Line's claim against Planet 3 for infringement of the STEALTH trademark;

l)      That Planet 3 be found not to infringe the STEALTH trademark;

m)      That the STEALTH trademark be found invalid;

n)      That the Court enter judgment in favor of Planet 3 and against Z-Line on Z-Line's unfair competition claims;

o)      That the Court enter a monetary judgment in favor of Planet 3 and against Z-Line in an amount to be determined at the trial of this action;

p)      That pursuant to 35 U.S.C. § 285, the Court direct Z-Line to pay Planet 3's attorney's fees and expenses;

q)      That the Court direct Z-Line to pay Planet 3's costs; and

r)      That the Court grants such other relief as the Court deems just and proper under these circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant hereby demands a trial by jury on all issues so triable.

Dated: April 7, 2009                    JONES DAY


By: /s/ Arthur S. Beeman
        Arthur S. Beeman

Attorneys for Defendant and Counterclaimant
PLANET 3, LLC