UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Z-LINE DESIGNS, INC.,

        Plaintiff,

  v.

PLANET 3, LLC,

        Defendant.

_____/

No. C 09-01153 MHP

**MEMORANDUM & ORDER**

**Re: Defendant's Motion for Summary
Judgment; Plaintiff's Rule 56(f) Motion**

      Z-Line Designs, Inc. ("plaintiff") brought suit against Planet 3, LLC ("defendant"), alleging infringement of three design patents and a trademark. Defendant counterclaimed for declaratory judgment of non-infringement and invalidity. Defendant now brings a motion for summary judgment of invalidity and unenforceability of the three patents and non-infringement of one patent. Plaintiff opposes the motion and has also brought a motion under Federal Rule of Civil Procedure 56(f) asking for additional discovery. Having reviewed the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

I.    The Parties

      Plaintiff is a manufacturer and distributor of ready-to-assemble furniture. James Sexton is the founder and chief executive officer of the company. Defendant also markets ready-to-assemble furniture.

II.     The Patents-in-Suit

Plaintiff has asserted three design patents against defendant: U.S. Patent Nos. D491,386 ("the '386 patent"), D497,741 ("the '741 patent") and D546,095 ("the '095 patent").  On the face of each patent, Sexton is listed as the sole inventor and plaintiff is listed as the assignee.

On July 1, 2003, Sexton filed a patent application for what became the '386 patent.  The patent issued on June 15, 2004.  It claims an ornamental design of an audio-video storage unit. Berry Dec., Exh. A.  On March 10, 2004, Sexton filed a patent application for an ornamental design of another audio-video storage unit.  The '741 patent issued from this application on November 2, 2004.[1]  On July 28, 2006, Sexton filed the application for the third patent at issue in this suit, claiming an ornamental design for a "TV stand."  The '095 patent issued from this application on July 10, 2007.  Id., Exh M.

III.    Procedural History

Plaintiff filed this lawsuit on March 16, 2009.  On March 26, plaintiff filed a motion seeking a preliminary injunction.  Defendant answered and counterclaimed on April 7.  On April 20, the parties were heard, and the court declined to issue a preliminary injunction.  The court instructed the parties to limit their discovery to issues relevant to patent validity.  Defendant filed the instant motion for summary judgment on June 29.  Plaintiff filed a motion pursuant to Rule 56(f), along with its opposition, on July 14.  The court heard oral argument on August 3, 2009.

LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-255 (1986).  A fact is "material" if it may affect the outcome of the proceedings, and an issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 248.  The moving party bears

1  the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate

2  the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

3  Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings

4  and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue

5  for trial. Fed R. Civ. P. 56(e); <u>see</u> <u>Anderson</u>, 477 U.S. at 250. The court may not make credibility

6  determinations, and inferences drawn from the facts must be viewed in the light most favorable to

7  the non-moving party. <u>Anderson</u>, 477 U.S. at 255; <u>see also</u> <u>Masson v. New Yorker Magazine</u>, 501

8  U.S. 496, 520 (1991).

9

10  <u>DISCUSSION</u>

11  Defendant has moved for summary judgment of invalidity and unenforceability on all three

12  patents. It has also moved for summary judgment of non-infringement of the '741 patent. Plaintiff

13  notes that the scope of defendant's motion exceeds the parameters set forth by the court at the April

14  20, 2009, hearing. Plaintiff moves the court under Rule 56(f) to deny defendant's motion or order a

15  continuance to allow additional discovery. The threshold question is how much of defendant's

16  pending motion for summary judgment should be adjudicated at this time.

17

18  I.  <u>Scope of the Motion</u>

19  At the April 20, 2009, hearing, the parties and the court agreed that defendant would bring a

20  motion for summary judgment pertaining to invalidity only. <u>See</u> Docket No. 51 (transcript of April

21  20 hearing) at 5:16-20, 15:3-14, 17:10-18. It was also agreed that discovery should be limited "to

22  the validity issue." <u>Id.</u> at 17:23-18:4. Defendant has nonetheless brought a motion for summary

23  judgment including not only invalidity arguments, but also arguments concerning inequitable

24  conduct and non-infringement. Plaintiff makes two arguments in its Rule 56(f) motion: first, the

25  issues apart from invalidity fall beyond the scope set by the court for the content of this motion, and

26  second, with respect to validity, plaintiff has been prejudiced because defendant has produced a

27  substantial amount of discovery after the agreed deadline. For its part, defendant argues that

28

3

1   summary judgment of inequitable conduct and non-infringement of the '741 patent is warranted at

2   this time given purportedly dispositive admissions made by Sexton in his recent deposition.

3       The non-infringement argument is clearly beyond the scope set forth for the instant motion

4   and is premature where the parties and the court stipulated that only discovery pertaining to

5   invalidity would take place in advance of the instant motion. Defendant errs in its assertion that the

6   parties have been free to take discovery on any matter since June 8. The parties agreed in open court

7   to limit discovery to information relevant to patent validity prior to defendant's motion for summary

8   judgment of invalidity. With regard to the inequitable conduct argument, plaintiff does not need

9   additional time for discovery to defeat defendant's motion, as discussed below. Insofar as

10  defendant's motion pertains to functionality, anticipation and obviousness, the motion is clearly

11  within the scope of a motion for invalidity. The question is whether plaintiff should be granted more

12  time because defendant failed to respond to discovery requests in a timely fashion.

13      Pursuant to Rule 56(f), a party opposing a motion may ask the court to deny the motion or

14  order a continuance for the purposes of taking additional discovery. The Court of Appeals reviews a

15  district court's denial of a Rule 56(f) motion under an abuse of discretion standard. Tatum v. City &

16  County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). In the instant case, defendant argues

17  that plaintiff has not identified the additional facts and discovery it needs with the specificity

18  required by the rule. This argument is unpersuasive considering defendant's failure to timely

19  produce discovery and the short amount of time for discovery that has been provided. This case was

20  filed less than five months ago; parties first appeared on April 20; and cut-off for limited discovery

21  on invalidity was set for May 27. Plaintiff's counsel has averred in a sworn declaration that defense

22  counsel produced 567 pages of documents before the agreed May 27 cut-off date and 573 pages of

23  documents after said date. Docket No. 63 (MacDonald Dec.) ¶ 15. Defendant does not dispute this

24  averment, but instead notes its continuing duty to supplement its discovery even after the cut-off

25  date. While defense counsel may perhaps be commended for its avowal of adherence to this duty, it

26  is both fair and reasonable for plaintiff to be allowed, at this early stage, some time to digest the

27  additional discovery and determine what further discovery it might need to propound. Plaintiff's

28

Rule 56(f) motion is acccordingly GRANTED for the non-infringement and invalidity portions of defendant's motion for summary judgment.

II.    Inequitable Conduct

Defendant brings a motion for unenforceability due to inequitable conduct because Sexton purportedly made several admissions during his recent deposition regarding invalidity that raise the spectre of inequitable conduct. Defendant's moving papers allege that Sexton or his attorneys committed inequitable conduct by: filing false oaths, failing to disclose several pieces of prior art, failing to disclose Sexton's wife as a co-inventor, and failing to reveal Sexton's "utilitarian motivations" for designing the patented items.

A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the USPTO during prosecution. Digital Control Inc. v. Charles Mach. Works, 437 F.3d 1309, 1313 (Fed. Cir. 2006). The party asserting inequitable conduct must prove a threshold level of materiality and intent by clear and convincing evidence. Id. The court must then determine whether the questioned conduct amounts to inequitable conduct by balancing the levels of materiality and intent, with a greater showing of one factor allowing a lesser showing of the other. Id. "The required showings of materiality and intent are separate, and a showing of materiality alone does not give rise to a presumption of intent to deceive." Praxair, Inc. v. ATMI, Inc., 543 F.3d 1306, 1313 (Fed. Cir. 2008). "Once threshold findings of materiality and intent are established, the trial court must weigh them to determine whether the equities warrant a conclusion that inequitable conduct occurred." Id. at 1314. "It is permissible, but uncommon, to determine at the summary judgment stage that a patent is unenforceable for inequitable conduct if there is no genuine issue of material fact." Monsanto Co. v. Bayer BioScience N.V., 363 F.3d 1235, 1240 (Fed. Cir. 2004). A genuine issue of material fact is not raised by the submission of "merely conclusory statements or completely insupportable, specious, or conflicting explanations or excuses." Id.

Defendant first argues that Sexton filed false oaths during patent prosecution. Pursuant to 37 C.F.R. section 1.63(b)(3), an inventor's declaration must "[s]tate that the person making the oath or declaration acknowledges the duty to disclose to the [USPTO] all information known to the person to be material to patentability . . . ." Sexton filed such a declaration with each of the three patents-in-suit. Defendant notes that courts routinely use the term "prior art" to describe such information. In his deposition, Sexton testified that he did not know the meaning of the term "prior art." Ergo, according to defendant, Sexton filed a false oath. This argument borders on the frivolous. Sexton is not a lawyer, see Docket No. 60 (Sexton Dec.) ¶ 9, and is not chargeable with knowledge of legalese. Nor does an inventor's duty of candor and good faith require the inventor to conduct a prior art search. See 37 C.F.R. § 1.56(a). Defendant's argument that Sexton made a false oath is not colorable, much less supported by clear and convincing evidence.

Defendant next argues that Sexton or his patent prosecution counsel failed to turn over potential prior art. Defendant points to U.S. Patent No. D436,466 ("the '466 patent"), which was produced by counsel for plaintiff in response to defendant's discovery request. See Docket No. 55 (Berry Dec.), Exh. P. According to defendant, this was material prior art to the plaintiff's '386 patent. In fact, the two designs are quite dissimilar. The '466 design has rolling wheels, a cubby hanging from the topmost level, and no parallel vertical support members. All of these things, as well as the overall visual impression, distinguish the '466 design from that of the '386 patent. A more plausible explanation for non-disclosure than inequitable conduct is that plaintiff's counsel reasonably believed the '466 design to be cumulative to other designs that more closely match that of the '386 patent. Clear and convincing evidence of both materiality and intent is lacking.

Defendant also argues that plaintiff failed to inform the examiner of a television stand called the "Simplex," which is purportedly prior art to the '095 patent. The plaintiff's litigation counsel, the same firm as its patent prosecution counsel, turned over a printout of an internet site depicting the Simplex in the course of routine discovery. Docket No. 69 (Beeman Dec.), Exh. A at 00452. This printout was dated "1/9/2007." According to defendant, the printout was material to the '095 patent, which issued in July 2007. Defendant presents no evidence that Sexton knew about it, but

argues that his patent prosecution counsel did, since it was in their files. Indeed, the Simplex design looks somewhat similar to the '095 design; however, it is entirely missing the second shelf, has two rather than four vertical supports and apparently does not have a drawer. Out of an abundance of caution, an attorney might have conducted further research to determine whether the Simplex was prior art and whether it was material. Yet it is not at all clear whether the Simplex is or is not cumulative of prior art that defendant disclosed to the USPTO. The court is unconvinced that any failure on the part of counsel for plaintiff regarding the Simplex rises to the level of inequitable conduct.

The third piece of prior art defendant argues should have been disclosed is the "ATC-2101 audio tower" which is marketed by a company called Bell'O International, LLC ("Bell'O"). Berry Dec., Exh. R at 0622, 0918. According to defendant, Sexton must have been aware of the ATC-2101, because Bell'O had sued plaintiff for allegedly infringing its trademark on that design. Defendant does not allege that it was the storage unit embodying the '386 patent that Bell'O alleged infringed their trademark. The court can well understand how the ATC-2101 might not have been submitted to the USPTO as prior art to the '386 patent, as the two designs have no particular features in common other than the fact that they are both shelving units.

The rest of defendant's contentions border on the frivolous. Defendant argues that Sexton deceived the USPTO by not listing his wife as a co-inventor on the '095 patent because Sexton said in his deposition: "A lot of participation came from my wife." Id., Exh. Q (Sexton Depo.) at 111. In fact, defendant went on in his deposition to explain, "She definitely wanted it built . . . . So I came up with this idea. I made a 12-millimeter glass and I think it's about an eight-inch top . . . ." Id. at 111-112. Even if the question of co-inventorship were material to patentability, in full context Sexton's testimony does not remotely suggest that his wife's role was that of co-inventor. Defendant also argues that Sexton should have disclosed to the USPTO that his motivations for developing the '095 were at least in part motivated by considerations of functionality. Defendant cites no authority for the proposition that a patent applicant must disclose his "motivations" for creating a design. Moreover, the court can safely assume that the patent examiner realized the

design had functional features—it is a design for a TV stand. Finally, defendant notes that Sexton described the '741 design as having been "created off of my famous Z design," id. at 90, and asserts that Sexton failed to provide a reference to his "famous Z design" to the USPTO. Defendant admits that U.S. Patent No. D491,385, which is also a Sexton patent, was cited by the USPTO during examination of the '741 patent. That patent teaches a design that includes a very distinct "Z" pattern. Defendant asserts that "there is no evidence that the '385 patent is the 'original Z' identified by Mr. Sexton." Def.'s Mot. at 12 n.7. Apparently defendant has forgotten that it has the burden of proof on this motion. Neither singly nor in combination do defendant's arguments come close to establishing inequitable conduct.[2] Nor on this record do they justify proceeding to an evidentiary hearing as defendant requests. In fact, ordinarily it is permissible for the court to grant summary judgment in favor of the nonmoving party where that party is entitled to prevail as a matter of law. However, since inequitable conduct is uniquely a question of fact, the court is reluctant to do so. Nonetheless, without a further proffer by defendant it is doubtful that this issue can go to trial.

The court reminds counsel for defendant of the Federal Circuit's admonition concerning the practice of routinely accusing adversaries of inequitable conduct: "[U]njustified accusations of inequitable conduct are offensive and unprofessional." Molins PLC v. Textron, Inc., 48 F.3d 1172, 1182 (Fed. Cir. 1995).

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment of inequitable conduct is DENIED. Plaintiff's Rule 56(f) motion is GRANTED in relation to the invalidity and non-infringement issues raised in defendant's motion.

At the close of the hearing on the motions the parties agreed upon pretrial and trial dates. Thus, of course, the discovery done pursuant to the Rule 56(f) motion and other discovery will be in preparation for trial as well as any further motions that are set.

IT IS SO ORDERED.

Dated: August 24, 2009

_____
MARILYN HALL PATEL
United States District Court Judge

8

**ENDNOTES**

1.      Movant failed to submit a copy of the '741 patent with its moving papers.

2.      Defendant's objections to evidence filed in connection with the pending motions are irrelevant to the inequitable conduct issue; therefore, the court does not reach them at this time.